UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>SIMRY REALTY CORP.,<br><br><div align="center">Debtor.</div> | Debtors' Bankruptcy Case Is Pending Before the United States Bankruptcy Court For The Southern District New York As Case No. 26-11409 |
| MICHELLE HARUVI, suing individually and derivatively on behalf of Simry Realty Corp.,<br><br><div align="center">Plaintiff,</div><br>     - against -<br><br>PETER HUNGERFORD, PH REALTY NY HOLDINGS LLC, ARTHUR HARUVI, ABRAHAM HARUVI, AILEEN HARUVI, GARY PHILLIPS, SHAI SEGEV, 315W54 OWNER LLC, 311W54 OWNER LLC, 309W54 OWNER LLC, 313W54 OWNER LLC, 38W75 OWNER LLC, 244W74 OWNER LLC, 54W75 OWNER LLC, FS CREIT FINANCE HOLDINGS LLC, and JOHN AND JANE DOES 1-10,<br><br>     - and -<br><br>SIMRY REALTY CORP.,<br><br><div align="center">Nominal Defendant.</div> | Case No. 26-cv-5038 |
| ABRAHAM HARUVI,<br><br><div align="center">Third-Party Plaintiff,</div><br>     -against-<br><br>JADE VENTURE PARTNERS LLC,<br><div align="center">Third-Party Defendant.</div> | |

<div align="center">

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1452(a) AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

</div>

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1452(a), and Federal Rule of

Bankruptcy Procedure ("Bankruptcy Rule") 9027(a)(2), Defendants Arthur Haruvi and Aileen

Haruvi (together, the "Removing Defendants" and third-party defendant Jade Venture Partners LLC (the "Removing Third-Party Defendant") hereby remove to the United States District Court for the Southern District of New York all claims and causes of action in the litigation pending before the Supreme Court of the State of New York, County of New York, Index No. 651033/2023 entitled *Michelle Haruvi, suing individually and derivatively on behalf of Simry Realty Corp., Plaintiff against Peter Hungerford, et al, Defendants and Abraham Haruvi, Third-Party Plaintiff against Jade Venture Partners LLC, Third Party Defendant* (the "State Court Derivative Action").

On June 14, 2026, Simry Realty Corp. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Case No. 26-11409 (the "Bankruptcy Case").  Debtor is a Nominal Defendant in the State Court Derivative Action as well as the corporation on behalf of which Plaintiff Michelle Haruvi ("Plaintiff") asserts derivative claims.

Arthur Haruvi is the President, sole director, and 14.5373% shareholder of Debtor. Aileen Haruvi is a 17.73135% shareholder and the Restructuring Officer of Debtor. Plaintiff is a 17.73135% shareholder of Debtor.

A party invoking removal under 28 U.S.C. § 1452(a) may remove any claim or cause of action in a civil action where there is jurisdiction under 28 U.S.C. § 1334 to the district court where such civil action is pending. Accordingly, and pursuant to 28 U.S.C. § 1452(a), the Removing Defendants and Removing Third-Party Defendant hereby remove all claims and causes of action in the State Court Derivative Action to the District Court for the Southern District of New York and, upon removal, this Court should refer all claims and causes of action in the State Court Derivative Action to the Bankruptcy Court, where they should proceed as related to the Bankruptcy

2

Case pursuant to this Court's Amended Scheduling Order Of Reference, dated January 31, 2012 (M10-469) in 12 Misc-00032.

## JURISDICTION AND ENTITLEMENT TO REMOVAL

1. Pursuant to 28 U.S.C. § 1452(a), a party "may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28]." 28 U.S.C. § 1334(b) in turn confers subject matter jurisdiction to the federal district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

2. Pursuant to 28 U.S.C § 157(a), each district court may provide that proceedings arising under title 11, or arising in or related to a case under title 11, shall be referred to the bankruptcy judges for the district.

3. The test in the Second Circuit for determining whether a claim or cause of action is "related to" a case under title 11, and supports jurisdiction under 28 U.S.C. § 1334, is whether the outcome of the case could have a "conceivable effect" on the debtors' bankruptcy cases. *In re Cuyahoga Equipment Corp.*, 980 F.2d 110 (1992) ("The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankrupt estate. If that question is answered affirmatively, the litigation falls within the 'related to' jurisdiction of the bankruptcy court.")

4. The Removed Claims are "related to" the Bankruptcy Case because the outcome of the State Court Derivative Action could conceivably have an effect on the Debtor's estate. Specifically, the State Court Derivative Action seeks rescission of the transfer of all or substantially all of Debtor's real property assets and seeks to quiet title to the subject real properties in favor of Debtor. Plaintiff asserts derivative claims on behalf of the Debtor itself, thereby directly

implicating the Debtor's estate and the administration of the Bankruptcy Case. Similarly, any claims for breach for breach of fiduciary duty would be property of the Debtor's bankruptcy estate under Bankruptcy Code § 541. The claims in the State Court Derivative Action affect matters in the Bankruptcy Case, including the determination and valuation of the Debtor's interest in real property, claims against and equity interests in the Debtor, potential damage claims owned by the Debtor against the Removing Defendants, and the resolution of disputed counterclaims and third-party claims.

5.      Plaintiff also seeks damages from Debtor in an amount to be determined at trial and any outcome would necessarily affect Debtor's legal rights and obligations and implicate the distribution of the bankruptcy estate. Thus, a determination of the Removed Claims would clearly have a "conceivable effect" on Debtor's Bankruptcy Case within the meaning of 28 U.S.C. § 1334. *See, e.g., Cellotex Corp v. Edwards*, 514 U.S. 305, 308, 115 S. Ct. 1493, 1498 fn. 5 (1995) ("Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541")

## FACTS SUPPORTING REMOVAL

6.      Removal of the State Court Action under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 is based upon the facts set forth below.

7.      The State Court Action is a derivative and individual action brought by Plaintiff, a shareholder with approximately 17.73% of the outstanding shares of Debtor. The derivative and individual claims all arise out of the same alleged facts.

8.      The State Court Derivative Action alleges, *inter alia*, that in May 2022, Debtor's directors caused the transfer of Debtor's seven real properties to seven newly created special purpose entities without proper notice and shareholder approval under Section 909 of the New

4

York Business Corporation Law ("BCL"). The State Court Derivative Action asserts individual and derivative causes of action[1] for, *inter alia*, rescission of the property transfers, breach of fiduciary duty in connection with such transfer and related acts, aiding and abetting breach of fiduciary duty, corporate waste, mismanagement, slander of title, declaratory and injunctive relief, and to quiet title to the subject real properties.

9.      The Debtor and Removing Defendants have interposed counterclaims against Plaintiff for, *inter alia*, breach of fiduciary duty, contribution, and abuse of process.

10.      On November 25, 2025, Defendant/Third-Party Plaintiff Abraham Haruvi filed a third-party summons and complaint with a single cause of action against Third-Party Defendant Jade Venture Partners LLC for, *inter alia*, indemnification.

11.      On September 15, 2025, Debtor and the Removing Defendants filed the Verified Amended Answer with Affirmative Defenses, Counterclaims, and Cross-Claims with counterclaims against Plaintiff for, *inter alia*, breach of fiduciary duty to Debtor, contribution pursuant to CPLR § 1401, abuse of process, and declaratory judgment.

---

[1] The State Court Derivative Action includes thirteen causes of action: the First Cause of Action seeks rescission of the May 2022 transfer of the Debtor's properties under BCL § 909, asserted derivatively on behalf of Debtor against Arthur Haruvi and Abraham Haruvi; the Second Cause of Action asserts breach of fiduciary duty derivatively on behalf of Debtor against Arthur Haruvi and Abraham Haruvi; the Third Cause of Action asserts breach of fiduciary duty derivatively on behalf of Debtor against Arthur Haruvi and Abraham Haruvi; the Fourth Cause of Action seeks an accounting derivatively on behalf of Debtor against Arthur Haruvi, Abraham Haruvi, Peter Hungerford, and PH Realty; the Fifth Cause of Action asserts breach of fiduciary duty individually by Plaintiff against Arthur Haruvi and Abraham Haruvi; the Sixth Cause of Action asserts aiding and abetting breach of fiduciary duty derivatively on behalf of Debtor against Peter Hungerford, PH Realty, Aileen Haruvi, Gary Phillips, and Shai Segev; the Seventh Cause of Action asserts corporate waste derivatively on behalf of Debtor against Arthur Haruvi, Peter Hungerford, and the limited liability company defendants; the Eighth Cause of Action asserts aiding and abetting breach of fiduciary duty derivatively on behalf of Debtor against Peter Hungerford, PH Realty, Aileen Haruvi, Gary Phillips, and Shai Segev; the Ninth Cause of Action asserts aiding and abetting breach of fiduciary duty individually by Plaintiff against Peter Hungerford, PH Realty, Aileen Haruvi, Gary Phillips, and Shai Segev; the Tenth Cause of Action seeks to quiet title, asserted derivatively on behalf of Debtor against the limited liability company defendants, FS CREIT, and the John and Jane Doe defendants; the Eleventh Cause of Action asserts mismanagement derivatively on behalf of Debtor against Arthur Haruvi, Peter Hungerford, and the limited liability company defendants; the Twelfth Cause of Action, pleaded in the alternative, seeks specific performance of the Nominee Agreement against Arthur Haruvi individually by Plaintiff; and the Thirteenth Cause of Action seeks declaratory and injunctive relief individually by Plaintiff against Peter Hungerford, PH Realty, Aileen Haruvi, Gary Phillips, Shai Segev, and Debtor.

12.     On November 25, 2025, Defendant Abraham Haruvi filed a Third-Party Summons and Complaint against Jade Venture Partners LLC asserting a cause of action for indemnification. On January 30, 2026, Third-Party Defendant Jade Venture Partners LLC filed its Answer to the Third-Party Complaint.

13.     The State Court Derivative Action will have a "conceivable effect" on the underlying bankruptcy estate within the bounds of 28. U.S.C. § 1334. Resolution of these claims will necessarily impact Debtor's property interest, potential liabilities and the administration of the estate, including the allocation of assets and rights of creditors.

14.     On June 14, 2026, Simry filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of New York, Case. No. 26-11409 (the "Bankruptcy Case"). The order for relief in the Bankruptcy Case was entered on June 14, 2026 upon the filing of the petition.

## CORE/NON-CORE PROCEEDING/ CONSENT TO JURISDICTION

15.     The Removing Defendants believe that claims asserted in the State Court Derivative Action include a mixture of core and non-core "related to" claims under 28 U.S.C. § 157. Certain claims in the State Court Derivative Action do invoke substantive provisions of the Bankruptcy Code and fall within the categories of core proceedings enumerated in 28 U.S.C. § 157(b)(2). Other claims in the State Court Derivative Action arise under state law—including claims for breach of fiduciary duty, rescission under BCL § 909, quiet title under RPAPL Article 15, and related torts. Nonetheless, even the non-core claims are "related to" proceedings over which the Bankruptcy Court may hear and submit proposed findings of fact and conclusions of law to the District Court. The potential outcome of these claims could alter Debtor's rights, liabilities, or freedom of action and thus bear directly on the disposition of the bankruptcy estate.

6

16.     To the extent the claims in the State Court Derivative Action are non-core, the Removing Defendants and Removing Third-Party Defendant consent to entry of a final order and judgment of the Bankruptcy Court on the removed claims pursuant to 28 U.S.C. § 157(c)(3).

## TIMELINESS OF REMOVAL

17.     A claim or cause of action, commenced pre-petition is removable to this court within "90 days after the order for relief in this case under the Code" pursuant to Bankruptcy Rule § 9027(a)(2).   Pursuant to 11 U.S.C. §§ 1511(a)(2) and 301(b), the order for relief in the Bankruptcy Case was entered on June 14, 2026.   The instant notice of removal was filed on June 15, 2026.  Accordingly, removal is timely.

## THE REMAINING REQUIREMENTS FOR REMOVAL

18.     Pursuant to 28 U.S.C. § 1446(a) and Bankruptcy Rule 9027(a), the Removing Defendants and Removing Third-Party Defendant have attached as Exhibit A to this notice of removal, copies of: (a) the Verified First Amended Complaint; (b) the Verified Amended Answer with Affirmative Defenses, Counterclaims, and Cross-Claims; (c) the Third-Party Complaint; (d) the Answer to the Third-Party Complaint; and (e) all other process, pleadings, and order served on Debtor in the State Court Action.

19.     The Removing Defendants are notifying all parties of record and the clerk of the Supreme Court of the State of New York, County of New York, of the removal of all claims and causes of action in the State Court Derivative Action.  A copy of this Notice of Removal is being served on counsel for Plaintiff in the State Court Derivative Action, as well as counsel for the other parties in the State Court Derivative Action, and upon bankruptcy counsel for the Debtor and is being filed with the State Court as required by 28 U.S.C. § 1446(d).

7

20.     The Removing Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove the State Court Derivative Action.


Dated: June 15, 2026
         New York, New York                          **HOLLAND & KNIGHT LLP**

                                                     By: */s/ Bruce J. Zabarauskas*
                                                     Bruce J. Zabarauskas, Esq.
                                                     Keith M. Brandofino, Esq.
                                                     Alexander Lycoyannis, Esq.
                                                     Claire A. Bjerke, Esq.
                                                     787 Seventh Avenue, 31st Fl.
                                                     New York, New York 10019
                                                     (212) 513-3200
                                                     bruce.zabarauskas@hklaw.com
                                                     keith.brandofino@hklaw.com
                                                     alexander.lycoyannis@hklaw.com
                                                     claire.bjerke@hklaw.com

                                                     *Attorneys for Arthur Haruvi, Aileen Haruvi*
                                                     *and Jade Venture Partners, LLC*